UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEITH RICHARD ESKIN, JR.,

               Plaintiff,

                               Case No. 1:24-cv-973

v.

                               Honorable Robert J. Jonker

JESSICA STAGE et al.,

               Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### I.     **Factual Allegations**

Plaintiff is presently incarcerated at the Ingham County Jail. The events about which he complains occurred at that facility. Plaintiff sues Nurse Jessica Stage in her individual and official capacities and Vitalcore in its official capacity. (ECF No. 1, PageID.2.)

In his complaint, Plaintiff alleges that on August 17, 2024, Defendant Stage, who was employed by Defendant Vitalcore, informed him that she had asked another inmate at the same facility about Plaintiff's health. Defendant Stage told Plaintiff that she had asked the other inmate multiple questions regarding Plaintiff's weight throughout his life and whether he had any health conditions that prevented him from gaining weight. (*Id.*, PageID.3.)

Plaintiff asserts that this is a violation of his rights under HIPAA and that Defendant Vitalcore is responsible for Defendant Stage's conduct as her employer. (*Id.*) Plaintiff seeks damages.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff is asserting a violation of HIPAA (the Health Insurance Portability and Accountability Act). The Court notes that HIPAA provides no private right of action. *Pitchford v. Metro Nashville Police Dep't,* 2021 WL 2474461, at *3 (M.D. Tenn. June 17, 2021).

> [P]enalties for HIPAA violations are imposed by the Secretary of Health and Human Services ("Secretary"). *See* 42 U.S.C. § 1320d–5(a)(1); *see also Wilson v. Memphis Light, Gas & Water*, No. 12-2956-STA-TMP, 2013 WL 4782379, at *3 (W.D. Tenn. Sept. 5, 2013) (citing *Johnson v. Depts. Of Army and Air Force*, 465 F. App'x 644, 645 (9th Cir. 2012) (affirming dismissal of HIPAA claim on the grounds that HIPAA provides no private right of action); *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011) ("[T]here is no private right of action for a violation of HIPAA's confidentiality provisions."); *Carpenter v. Phillips*, 419 F. App'x 658, 658 (7th Cir.2011) (affirming district court's conclusion that a claim under HIPAA "was not cognizable because HIPAA does not furnish a private right of action"); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir.2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA."); *Johnson v. Kuehne & Nagel Inc.*, No. 11-cv-02317-STA-cgc, 2012 WL 1022939, at *5 (W.D. Tenn. Mar. 26, 2012) ("HIPAA regulations do not confer a private right of action on an individual.")). If the plaintiff believes that a covered entity or business associate is not complying with HIPAA, his only recourse is to file a complaint with the Secretary. *See* 45 C.F.R. § 160.306; *see also Kuehne*, 2012 WL

1022939, at *5 ("Plaintiff's only redress for an alleged HIPAA violation is to lodge
a written complaint with the Secretary of Health and Human Services[.]"

*Id.* Therefore, Plaintiff's HIPAA claims are properly dismissed.

To the extent that Plaintiff is asserting that his right to privacy was violated, this claim also

lacks merit. Although in the broadest sense the Fourteenth Amendment can be read to protect the

privacy of personal medical information, *see Whalen v. Roe*, 429 U.S. 589, 599 (1977), the scope

of the privacy right depends on context, and in the case of prisoners, is dependent on whether the

disclosure of information is reasonably related to a legitimate penological interest. *Powell v.*

*Schriver*, 175 F.3d 107, 111–112 (2d Cir. 1999). In interpreting *Whalen*, the Sixth Circuit has

expressly held that "the Constitution does not encompass a general right to nondisclosure of private

information" by government officials. *Doe v. Wiggington*, 21 F. 3d 733, 740 (6th Cir. 1994)

(quoting *J.P. v. DeSanti*, 653 F.2d 1080 (6th Cir. 1981)). The rule established in *DeSanti* precludes

any "generic" Fourteenth Amendment claim for the disclosure of private information. *See Treesh*

*v. Cardaris*, 2010 WL 3001738, at *2–4 (S.D. Ohio July 30, 2010); *see also Holden v. Michigan*

*Dep't of Corr.*, No. 1:12-CV-284, 2012 WL 2317538, at *5 (W.D. Mich. June 18, 2012) (finding

that the disclosure of a prisoner's health and/or HIV status to prison officials and other inmates

does not implicate a fundamental interest protected by the right to privacy under the Fourteenth

Amendment).

In this case, Plaintiff does not allege that Defendants disclosed any personal or medical

information about him, but rather that Defendant Stage questioned another inmate in an attempt to

gain information regarding Plaintiff's medical history. Such allegations do not implicate Plaintiff's

rights under federal law. Therefore, Plaintiff's complaint will be dismissed for failure to state a

claim.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:    September 30, 2024                          /s/ Robert J. Jonker
                                                      Robert J. Jonker
                                                      United States District Judge

5